## DE LUXE CAB CO v SHACKMAN et

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10228. Decided March 3, 1930

James L. Lind, Cleveland, for Cab Co.
Steuer & Siegel, Cleveland, for Shackman, et.

VICKERY, PJ.

I should have said that the money over and above $9.71 that was taken in by the cab driver, or drivers, was retained by him and rightfully belonged to him. That was the money that the drivers received as wages for services in driving the cab.

It would seem at first blush as though it were necessary for this court to determine whether this contract was a conditional sales contract or not, but from this record we do not think that it is necessary to decide that question. It is admitted in this record that in addition to the $400 down payment upon this car, the plaintiff below paid in the sum of $573.97

and no more. That made the total amount paid on this car $973.97.

It is admitted in this record that the contract,—the same contract which the plaintiff below expects the court to find to be a conditional sales contract,—provided that four dollars per day should and could be rightfully charged against the driver of the cab for the insurance and good will and service of the Cab Company in finding passengers and calling the cab and sending it upon trips. It is admitted in the record that this cab was kept for the period of 88 days and, therefore, it is admitted that for the 88 days that he used this cab he was liable to the Cab Company for the insurance fee and the service fee of $4.00 per day, which sum for the period of 88 days would amount to $352. This $352 must necessarily be subtracted from the whole sum of $973.97, which would make $621.97 balance applied upon the purchase price of the cab. The purchase price that was agreed upon, and the evidence indisputably shows it, was $2967.

If one admits that it was a conditional sales contract, then before the plaintiff would be entitled to recover, the evidence must show that the plaintiff paid in on the contract more than 25% of the purchase price, and 25% of the purchase price would be $741.75, while the amount that he actually paid in was only $621.97, which would leave a deficit of $119.78 that he was short in payment of 25% of the purchase price; and then, under the conditional sales statute which is invoked in this case, the plaintiff would not be entitled to recover any part of the money that he had paid.

Now the court below apparently misconstrued this contract and he erroneously refused to charge the jury that the $4.00 for service and insurance cost should be deducted from the amount, although on what theory under this written contract the court could do this, we are unable to understand. The figures that are furnished in the brief of the defendant in error are rather interesting. The amount of money that was paid in is admitted, but he apparently has heard of the old maxim of equity that equity regards that done which ought to have been done. The plaintiff below kept this car for 88 days and he ought to have paid in 88 times $9.71 which would total $854.48 which, together with the $400 would make $1254.48 from which, if one subtracts $352, would leave $902.48, which would be more than the 25% and would enable the plaintiff to recover not less than 50% of what he paid in, which would be $427.22.

But the record in this case does not bear out any basis for this contention. The truth of it is, the plaintiff paid in $573.97 only, which would show that he paid in on his contract for 59 days only, and that for the number of days between 59 and 88 he not only kept the profits that he made by the use of the car, but the $9.71 that he should have paid to the Cab Company, which would make 29 days at $9.71 or a total of $281.59, which would be an addition to his earnings that would legitimately come to him. So he cannot say that he has been deprived of anything on this contract and the maxim that equity regards that done which ought to have been done is a maxim in equity and has no application, for this is an action at law, and the evidence shows that the defendant in error did not pay in for 88 days but only for 59 days and he did not pay in $902 but only $573.97. So what ever way you figure this, you cannot make the payments which the plaintiff made to the Cab Company, allowing full credit for the old car and the bonus equal to 25% of the purchase price of the car. That being so, assuming this to be a conditional sale, which we do not deem it necessary to decide one way or the other, the plaintiff would not be entitled to recover, and the judgment of the court below is clearly wrong as being contrary to law; and there being no evidence in the record to sustain the judgment, the evidence being all before the court and no dispute about it, the court can come to no other conclusion than that the judgment of the court below should be reversed; and having all the evidence before it and the facts being undisputed, this court feels it is called upon to render the judgment that the court below should have rendered, and that will be a final judgment for the defendant.

Judgment reversed and final judgment for the defendant.

Sullivan and Levine, JJ., concur.